**ALL AMERICAN AIRWAYS, Inc. et al. v.
VILLAGE OF CEDARHURST et al.**

Civ. A. 12680.

United States District Court
E. D. New York.

April 10, 1953.

Frank J. Parker, U. S. Atty. for the Eastern District of New York, by Gerard E. Molony, Asst. U. S. Atty., Brooklyn, N. Y., James E. Kilday, Special Asst. to the Atty. Gen., Emory T. Nunneley, Jr., General Counsel Civil Aeronautics Board, Washington, D. C., Stephen F. Dunn, General Counsel U. S. Department of Commerce, Washington, D. C., Robert P. Boyle, Acting General Counsel Civil Aeronautics Administration, Oklahoma City, Okl., for the intervenors.

Emerson A. Swartz, Garden City, N. Y. (James G. Moore, Garden City, N. Y., of counsel), for defendants in their Individual Capacities, Ernest E. Eldred, David H. Weyant, Jr., Kenneth C. Newman, Charles E. Lapp, Jr., Ralph Wendel and Maurice Brandt.

BYERS, District Judge.

This is a motion by the Civil Aeronautics Board and the Administrator of Civil Aeronautics, intervenors, to dismiss the counterclaim contained in the answer of the individual defendants filed August 28, 1952 (paragraphs 19 to 30, inc.) on the alleged ground that the court lacks jurisdiction over the subject matter and over the intervenors "which are agencies of the United States within the definition of 28 U.S.C. 451 acting in their governmental capacity, the United States not having consented to being sued in the manner attempted in the purported counterclaim."

If the theory of the motion is correctly understood, only a very narrow contention is offered, namely that the said counterclaim was not before the Court of Appeals of this Circuit when it announced its decision on January 7, 1953 continuing the injunction *pendente lite* in this case heretofore ordered, D.C., 106 F.Supp. 521.

It sufficiently appears from the various papers on file that this action for declaratory judgment was commenced by the filing of a complaint on June 5, 1952. By order of June 19, leave was granted to the government agencies above mentioned to intervene as plaintiffs, and their complaint was filed eleven days later.

The answer of the defendant Village of Cedarhurst and its officials was filed on June 19. The answer of the individual defendants was filed on August 28, 1952 and it contains the counterclaim above referred to.

The portrayal of the legal issues presented by this controversy contained in the opinion of the Court of Appeals, 2 Cir., 201 F.2d 273, 276, is so informative as to fore-

close any attempt at further exposition except to meet the requirements of this motion.

The opinion recites the intervention and explains its justification, and with reference to the pleadings the language is:

"Since the grant of the injunction below, the defendants have filed their answers. In the answer filed by certain of the individuals they claim ownership of property in the Village and, both for themselves and other land owners, that these flights create trespasses and nuisances, and by *counterclaim* ask for an injunction upon what in essence is the [U. S. v.] Causby [328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206] principle." (Italics supplied.)

This court is asked to say that the counterclaim asserted in the answer filed August 28, 1952 was not comprehended in the foregoing language, but that the reference was only to that contained in the answer filed by the Village and its officials.

It is difficult to believe that a cause which came to argument on December 10, 1952, over three months after the filing of the answer containing this counterclaim, proceeded to decision, oblivious of the pleading to which these intervenors now take exception.

On the surface at least this seems to be a not wholly adroit attempt to induce this court to disregard the foregoing, and in effect to say that if the counterclaim contained in the answer of August 28 had indeed been before the Court of Appeals a different view would have been there adopted than is to be discerned in the following, which also appears:

"We think it clear that there is sufficient question of the validity of the Cedarhurst ordinance as against the supremacy of national power so that we are in no way justified in now declaring it valid and overturning the injunction on this score. * * * (citing cases). The grant of an injunction to avoid irreparable injury under the circumstances is supported by such cases as (citing cases). On the other hand, we do not think we should take the position urged by the plaintiffs, and substantially followed by the district court, of declaring the ordinance clearly invalid at this preliminary stage of the proceedings. Before a trial we are not in a position to find that those defendants who are land owners cannot establish their claims of trespass and nuisance. Nor do we feel at this stage we should say that the Village does not possess authority under its police power, N.Y.Village Law [McK.Consol. Laws, c. 64] §§ 90, 93, to prohibit repeated trespasses or nuisances over the land of its inhabitants, if, in fact, they exist."

Doubtless it would be entirely convenient to the intervenors to by-pass a trial on the merits, but the Court of Appeals, 2 Cir., 201 F.2d 273, 277, has effectually anticipated such a characteristic assumption of administrative preeminence, by saying at the conclusion of the opinion:

"It follows, therefore, that the injunction should be continued *pendente lite* and that no final decision should be made at this time, as to either the validity of the claims set forth in the defendants' counterclaims or their eventual impact upon the validity of the ordinance itself. In view of the importance of the interests involved and the potentially far-reaching effects of a decision, the case—including the counterclaim—should proceed to trial as rapidly as possible and decision should rest upon a complete record. If, then, appeal becomes necessary the reviewing courts will be able to act upon a basis of knowledge they do not now possess."

Probably this motion, if it can be justified at all, rests upon the theory that the second complete sentence above quoted used "counterclaim" in the singular and not the plural, as in the immediately preceding sentence. But this is too slender a ground to justify the district court in once more holding that the ordinance is "clearly invalid," because the issues are too comprehensive and of too deep a significance in the administration of our complex form of government, to admit of summary disposition.

.The authorities cited in the main and supplemental briefs filed on behalf of this motion have not been ignored, but none of them involves a case in which a governmental agency has injected itself into an existing controversy and then asserted that the legality in the broadest sense, of governmental action thus brought into perspective, is not thereby exposed to judicial inquiry at the instance of a defendant as originally named.

If I am wrong in thinking that the counterclaim contained in the answer of the individual defendants was indeed within the contemplation of the Court of Appeals, it is at least true that the counterclaims pleaded in their answer by the Village and its officers in paragraphs 19 and 20, present contentions sufficiently akin to those in paragraph 19 of the answer of the individuals, to be governed by the same process of reasoning concerning the necessity for a trial at which all relevant evidence can be adduced.

Motion denied. Settle order.